IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

O.Z. MARTIN,

        Petitioner,               No. CIV S-09-1929 LKK GGH P

    vs.

J. WALKER, et al.,

        Respondents.       ORDER

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2008 conviction for the prison disciplinary of battery on an inmate with a weapon in violation of Cal. Code Reg. tit. 15, § 3005(c). On October 28, 2009, respondent filed a motion to dismiss on grounds that petitioner's claims are not exhausted and procedurally barred. For the following reasons, further briefing is ordered.

        This action is proceeding on the original petition filed July 15, 2009. Petitioner was found guilty of battering his cellmate with his cane. The petition raises the following claims. First, petitioner alleges that his right to due process was violated because he was not provided with photos related to the incident and the crime/incident report. Petitioner also alleges that his investigative employee was inadequate and failed to appear at the hearing as a witness.

1

Petitioner argues that there was insufficient evidence to support the finding of guilt. In particular, petitioner contends that he was found guilty based solely on an uncorroborated statement from a confidential informant who claimed to have witnessed petitioner hit his cellmate with the cane. Petitioner argues that because no one witnessed the incident, which occurred in his cell, the statement of the confidential informant is false and should not have been relied on by the hearing officer to find him guilty.

The California Supreme Court denied petitioner's habeas petition raising these claims by order citing In re Dexter, 25 Cal.3d 921 (1979). Motion to Dismiss, Exhibit 4. Dexter stands for the proposition that petitioner failed to exhaust administrative remedies. Petitioner's Director Level administrative grievance was returned to him unprocessed because it was incomplete as it did not include the crime/incident report and photographs related to the disciplinary action. Petition, p. 36 of 90. In the pending motion, respondent argues that petitioner's claims are unexhausted and procedurally defaulted based on the Dexter citation.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S. Ct. 509, 512 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

The exhaustion requirement may be satisfied notwithstanding a failure to present a claim to the state supreme court, "if it is clear that (the habeas petitioner's) claims are now procedurally barred under (state) law." Gray v. Netherland, 518 U.S. 152, 161, 116 S.Ct. 2074 (1996), quoting Castille v. Peoples, 489 U.S. 346, 351, 109 S.Ct. 1056 (1989); Engle v. Isaac,

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

2

456 U.S. 107, 125-26 n. 28, 102 S.Ct. 1558 (1982) (noting that the exhaustion requirement applies "only to remedies still available at the time of the federal petition."); <u>Valerio v. Crawford</u>, 306 F.3d 742, 770 (9th Cir.2002) (same), citing <u>Phillips v. Woodford</u>, 267 F.3d 966, 974 (9th Cir.2001) ("the district court correctly concluded that [the] claims were nonetheless exhausted because 'a return to state court for exhaustion would be futile.' ").

In the instant case, were petitioner to obtain the photographs and crime/incident report and refile his administrative grievance, it would be denied as untimely. <u>See</u> Cal. Code Regs. tit. 15, § 3084.6(c) (appeals must be submitted within fifteen working days of the event). Therefore, because petitioner is unable to exhaust administrative remedies, a return to state court for exhaustion would be futile. Accordingly, petitioner's claims are exhausted because it is clear that his claims are barred under state law.

Respondent alternatively argues that petitioner's claims are procedurally barred. Based on concerns of comity and federalism, federal courts will not review a habeas petitioner's claims if the state court decision denying relief rests on a state law ground that is independent of federal law and adequate to support the judgment. <u>Coleman v. Thompson</u>, 501 U.S. 722, 111 S. Ct. 2546, 2554 (1991); <u>Harris v. Reed</u>, 489 U.S. 255, 260-62, 109 S. Ct. 1038 (1989). Generally, the only state law grounds meeting these requirements are state procedural rules. However, the procedural basis of the ruling must be clear. Ambiguous reference to procedural rules is insufficient for invocation of procedural bar. <u>Calderon v. United States District Court (Bean)</u>, 96 F.3d 1126, 1131 (9th Cir. 1996). Similarly, where the procedural and merits analysis are intermixed, it cannot be said that the procedural bar is independent of federal law, i.e., there is no plain statement of reliance on procedural bar. <u>Harris v. Reed</u>, <u>supra</u>.

Aside from challenging the merits of the procedural bar implementation, petitioner does not challenge the adequacy of the bar *per se*, i.e., whether it is clear, well established and consistently applied. Petitioner has made no specific allegations in this respect, and therefore, respondent's ultimate burden to prove the adequacy of the bar is not brought into

3

1  play.  See Bennett v. Mueller, 322 F.3d 573, 586 (9th Cir. 2003.  Thus, the undersigned will
2  move on to application of the bar itself with its exceptions.
3       If there is an independent and adequate state ground for the decision, the federal
4  court may still consider the claim if the petitioner demonstrates:  (1) cause for the default and
5  actual prejudice resulting from the alleged violation of federal law, or (2) a fundamental
6  miscarriage of justice.  Harris, 489 U.S. at 262, 109 S. Ct. at 1043.  The existence of cause for a
7  procedural default must ordinarily turn on whether the prisoner can show that some objective
8  factor external to the defense impeded counsel's efforts to comply with the State's procedural
9  rule.  McCleskey v. Zant, 499 U.S. 467, 493-94, 111 S. Ct. 1454, 1476 (1991).  Examples of
10 cause include showings "that the factual or legal basis for a claim was not reasonably available to
11 counsel," "that some interference by officials made compliance impracticable," or "of ineffective
12 assistance of counsel."  Murray, 477 U.S. at 488, 106 S. Ct. at 2645.  Prejudice is difficult to
13 demonstrate:

> The showing of prejudice required under Wainwright v. Sykes is significantly greater than that necessary under "the more vague inquiry suggested by the words 'plain error.'"  Engle, 456 U.S., at 135, 102 S.Ct., at 1575; Frady, supra, 456 U.S., at 166, 102 S.Ct., at 1593.  See also Henderson v. Kibbe, 431 U.S. 145, 154, 97 S.Ct. 1730, 1736, 52 L.Ed.2d 203 (1977).  The habeas petitioner must show "not merely that the errors at ... trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions."  Frady, supra, at 170, 102 S.Ct., at 1596.

20 Murray v Carrier, 477 U.S. at 493-494, 106 S. Ct. at 2648 (1986).
21 Although different phraseology is used in the default context from that used in the ineffective
22 assistance of counsel prejudice inquiry, as stated above, the ultimate application of the two
23 prejudice inquiries is essentially similar – that is, whether the prejudice is sufficient to have
24 undermined the reviewer's confidence in the result of the trial.
25       Respondent argues that the rule requiring administrative exhaustion is an adequate
26 and independent ground that bars the undersigned from reaching the merits of petitioner's claims.

4

1    In the opposition, petitioner states that he was never in possession of the photos
2 and crime/incident report referred to in the memorandum returning his Director's Level
3 administrative grievance. Petitioner alleges that the hearing officer's claim that he gave the
4 photos to petitioner is false.
5    "A showing of cause 'must ordinarily turn on whether the prisoner can show that
6 some objective factor external to the defense impeded [prisoner's] efforts to comply with the
7 State's procedural rule.'" Pizzuto v. Arave, 280 F.3d 949, 975 (9th Cir.2002) (quoting Murray v.
8 Carrier, 477 U.S. 478, 488, 106 S.Ct. 2639, 2646 (1986)). "Thus, cause is an external
9 impediment such as government interference or reasonable unavailability of a claim's factual
10 basis." Id. (citing McCleskey v. Zant, 499 U.S. 467, 497, 111 S.Ct. 1454, 1472 (1991)).
11    In essence, petitioner is arguing that he could not exhaust administrative remedies
12 because prison officials did not provide him with all of the documents he required in order to
13 exhaust. This constitutes cause for petitioner's failure to comply with the requirement that he
14 provide these documents.
15    Turning to prejudice, as discussed above, petitioner argues that hearing officer
16 found him guilty based on the statement by the confidential informant that he saw petitioner hit
17 his cellmate with his cane. Petitioner argues that this confidential statement must be false
18 because there were no witnesses to the incident. According to the rules violation report, this was
19 the only evidence of petitioner hitting his cellmate with the cane. Petition, p. 43 of 90.
20    In order to evaluate whether petitioner was prejudiced by the hearing officer's
21 reliance on the allegedly unreliable statement by the confidential informant, see Harris, 489 U.S.
22 at 262, 109 S. Ct. at 1043, the undersigned must review the December 2, 2007, CDC 1030
23 confidential disclosure form and the November 20, 2007, confidential memorandum mentioned
24 in the rules violation report. As discussed above, this was the only evidence that petitioner
25 battered his cellmate with his cane.
26 /////

1  Accordingly, IT IS HEREBY ORDERED that within fourteen days of the date of
2  this order, respondent shall submit under seal the December 2, 2007, CDC 1030 confidential
3  disclosure form and the November 20, 2007, confidential memorandum discussed in the at-issue
4  rules violation report.
5  DATED: 01/08/10

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

8  mart1929.fb