IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

O.Z. MARTIN,

      Petitioner,                    No. CIV S-09-1929 LKK GGH P

      vs.

J. WALKER, et al.,

      Respondents.              FINDINGS AND RECOMMENDATIONS

_____/

      Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2008 conviction for the prison disciplinary of battery on an inmate with a weapon in violation of Cal. Code Reg. tit. 15, § 3005(c). On October 28, 2009, respondent filed a motion to dismiss on grounds that petitioner's claims are not exhausted and procedurally barred. For the following reasons, respondent's motion to dismiss should be granted.

      This action is proceeding on the original petition filed July 15, 2009. Petitioner was found guilty of battering his cellmate with his cane. The petition raises the following claims. First, petitioner alleges that his right to due process was violated because he was not provided with photos related to the incident and the crime/incident report. Petitioner also alleges that his investigative employee was inadequate and failed to appear at the hearing as a witness.

1

Petitioner also argues that there was insufficient evidence to support the finding of guilt. In particular, petitioner contends that he was found guilty based solely on an uncorroborated statement from a confidential informant who claimed to have witnessed petitioner hit his cellmate with the cane. Petitioner argues that because no one witnessed the incident, which occurred in his cell, the statement of the confidential informant is false and should not have been relied on by the hearing officer to find him guilty.

The California Supreme Court denied petitioner's habeas petition raising these claims by order citing In re Dexter, 25 Cal.3d 921 (1979). Motion to Dismiss, Exhibit 4. Dexter stands for the proposition that petitioner failed to exhaust administrative remedies. Petitioner's Director Level administrative grievance was returned to him unprocessed because it was incomplete as it did not include the crime/incident report and photographs related to the disciplinary action. Petition, p. 36 of 90. In the pending motion, respondent argues that petitioner's claims are unexhausted and procedurally defaulted based on the Dexter citation.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3). A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S. Ct. 509, 512 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

The exhaustion requirement may be satisfied notwithstanding a failure to present a claim to the state supreme court, "if it is clear that (the habeas petitioner's) claims are now procedurally barred under (state) law." Gray v. Netherland, 518 U.S. 152, 161, 116 S.Ct. 2074 (1996), quoting Castille v. Peoples, 489 U.S. 346, 351, 109 S.Ct. 1056 (1989); Engle v. Isaac, 456 U.S. 107, 125-26 n. 28, 102 S.Ct. 1558 (1982) (noting that the exhaustion requirement applies "only to remedies still available at the time of the federal petition."); Valerio v. Crawford,

1  306 F.3d 742, 770 (9th Cir.2002) (same), citing Phillips v. Woodford, 267 F.3d 966, 974 (9th
2  Cir.2001) ("the district court correctly concluded that [the] claims were nonetheless exhausted
3  because 'a return to state court for exhaustion would be futile.' ").

In the instant case, were petitioner to obtain the photographs and crime/incident report and refile his administrative grievance, it would be denied as untimely. See Cal. Code Regs. tit. 15, § 3084.6(c) (appeals must be submitted within fifteen working days of the event). Therefore, because petitioner is unable to exhaust administrative remedies, a return to state court for exhaustion would be futile. Accordingly, petitioner's claims are exhausted because it is clear that his claims are barred under state law. Respondent's motion should be denied on exhaustion grounds.

Respondent alternatively argues that petitioner's claims are procedurally barred. Based on concerns of comity and federalism, federal courts will not review a habeas petitioner's claims if the state court decision denying relief rests on a state law ground that is independent of federal law and adequate to support the judgment. Coleman v. Thompson, 501 U.S. 722, 111 S. Ct. 2546, 2554 (1991); Harris v. Reed, 489 U.S. 255, 260-62, 109 S. Ct. 1038 (1989). Generally, the only state law grounds meeting these requirements are state procedural rules. However, the procedural basis of the ruling must be clear. Ambiguous reference to procedural rules is insufficient for invocation of procedural bar. Calderon v. United States District Court (Bean), 96 F.3d 1126, 1131 (9th Cir. 1996). Similarly, where the procedural and merits analysis are intermixed, it cannot be said that the procedural bar is independent of federal law, i.e., there is no plain statement of reliance on procedural bar. Harris v. Reed, supra.

Respondent argues that the rule requiring administrative exhaustion is an adequate and independent ground that bars the undersigned from reaching the merits of petitioner's claims.

Aside from challenging the merits of the procedural bar implementation, petitioner does not challenge the adequacy of the bar *per se*, i.e., whether it is clear, well established and consistently applied. Petitioner has made no specific allegations in this respect,

3

and therefore, respondent's ultimate burden to prove the adequacy of the bar is not brought into play. See Bennett v. Mueller, 322 F.3d 573, 586 (9th Cir. 2003). Thus, the undersigned will move on to application of the bar itself with its exceptions.

If there is an independent and adequate state ground for the decision, the federal court may still consider the claim if the petitioner demonstrates: (1) cause for the default and actual prejudice resulting from the alleged violation of federal law, or (2) a fundamental miscarriage of justice. Harris, 489 U.S. at 262, 109 S. Ct. at 1043. The existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule. McCleskey v. Zant, 499 U.S. 467, 493-94, 111 S. Ct. 1454, 1476 (1991). Examples of cause include showings "that the factual or legal basis for a claim was not reasonably available to counsel," "that some interference by officials made compliance impracticable," or "of ineffective assistance of counsel." Murray, 477 U.S. at 488, 106 S. Ct. at 2645. Prejudice is difficult to demonstrate:

> The showing of prejudice required under Wainwright v. Sykes is significantly greater than that necessary under "the more vague inquiry suggested by the words 'plain error.'" Engle, 456 U.S., at 135, 102 S.Ct., at 1575; Frady, supra, 456 U.S., at 166, 102 S.Ct., at 1593. See also Henderson v. Kibbe, 431 U.S. 145, 154, 97 S.Ct. 1730, 1736, 52 L.Ed.2d 203 (1977). The habeas petitioner must show "not merely that the errors at ... trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Frady, supra, at 170, 102 S.Ct., at 1596.

Murray v Carrier, 477 U.S. at 493-494, 106 S. Ct. at 2648 (1986). Although different phraseology is used in the default context from that used in the ineffective assistance of counsel prejudice inquiry, as stated above, the ultimate application of the two prejudice inquiries is essentially similar – that is, whether the prejudice is sufficient to have undermined the reviewer's confidence in the result of the trial.

\\\\\

1    In the opposition, petitioner states that he was never in possession of the photos and crime/incident report referred to in the memorandum returning his Director's Level administrative grievance. Petitioner alleges that the hearing officer's claim that he gave the photos to petitioner is false.

"A showing of cause 'must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded [prisoner's] efforts to comply with the State's procedural rule.'" Pizzuto v. Arave, 280 F.3d 949, 975 (9th Cir.2002) (quoting Murray v. Carrier, 477 U.S. 478, 488, 106 S.Ct. 2639, 2646 (1986)). "Thus, cause is an external impediment such as government interference or reasonable unavailability of a claim's factual basis." Id. (citing McCleskey v. Zant, 499 U.S. 467, 497, 111 S.Ct. 1454, 1472 (1991)).

In essence, petitioner is arguing that he could not exhaust administrative remedies because prison officials did not provide him with all of the documents he required in order to exhaust. This constitutes cause for petitioner's failure to comply with the requirement that he provide these documents.

Turning to prejudice, as discussed above, petitioner argues that hearing officer found him guilty based on the statement by the confidential informant that he saw petitioner hit his cellmate with his cane. Petitioner argues that this confidential statement must be false because there were no witnesses to the incident. According to the rules violation report, this was the only evidence of petitioner hitting his cellmate with the cane. Petition, p. 43 of 90.

On January 11, 2010, the undersigned issued an order finding that in order to evaluate whether petitioner was prejudiced by the hearing officer's reliance on the allegedly unreliable statement by the confidential informant, see Harris, 489 U.S. at 262, 109 S. Ct. at 1043, he must review the December 2, 2007, CDC 1030 confidential disclosure form and the November 20, 2007, confidential memorandum mentioned in the rules violation report. As discussed above, this was the only evidence that petitioner battered his cellmate with his cane. Respondent was ordered to submit this evidence within fourteen days.

5

1   On January 25, 2010, respondent filed these documents under seal as well as a
2  response to and request for reconsideration of the January 11, 2010, order. The undersigned
3  finds that the request for reconsideration is addressed to him rather than the district court because
4  it is contained within the response to the January 11, 2010, order.

5   Respondent disputes petitioner's claim that he could not exhaust administrative
6  remedies because he was not given the photographs and crime/incident report.[1] Respondent
7  argues that the rules violation report states that petitioner was given these documents at the
8  conclusion of the hearing. In the instant petition, petitioner is apparently disputing the
9  representation by the hearing officer that he gave petitioner these documents. The undersigned
10 would have to hold an evidentiary hearing to resolve this dispute. However, because petitioner
11 has not demonstrated prejudice, as will be discussed below, no evidentiary hearing is required.

12   Respondent also argues that the photographs and crime/incident report are in
13 petitioner's central file. Attached to respondent's response is a declaration by L. Young,
14 litigation coordinator at California State Prison-Sacramento. L. Young states that on January 14,
15 2010, he reviewed plaintiff's central file and confirmed that it contained the incident report and
16 four photographs from the incident. L. Young states that plaintiff could and should have
17 requested an Olsen review of his file from his counselor and resubmitted his administrative
18 appeal with those documents.

19   Whether petitioner would have been able to obtain his Olsen review in order to
20 timely resubmit his administrative grievance is not clear from the current record. Because
21 petitioner has not demonstrated prejudice, as will be discussed below, the undersigned need not
22 further address this issue.

23   In the response to the January 11, 2010, order, respondent argues that the request
24 for further briefing is unwarranted because the confidential informant on whom the disciplinary

---

[1] These arguments should have been raised in a reply to petitioner's opposition.

6

hearing officer relief to find petitioner guilty was deemed reliable because part of the information he provided had already been proven true. See Zimmerlee v. Keeney, 831 F.2d 183, 186 (9th Cir. 1987) (a disciplinary decision based on confidential information satisfies due process if the record includes some factual information from which the committee can reasonably conclude that the information was reliable and safety considers prevent disclosure of the informant's name). Respondent argues that because there was some evidence supporting the disciplinary action, and because the confidential information relied upon satisfies the minimum standards of due process, independent review by the court is unwarranted and unnecessary. See Superintendent v. Hill, 472 U.S. 445, 447 (1985)(a disciplinary conviction supported by some evidence satisfies due process).

Petitioner claims that the confidential information relied on by the hearing officer to find him guilty was false because no one witnessed the incident. Therefore, in order to determine whether petitioner was prejudiced by the use of this confidential information, the undersigned must review these confidential documents.

After reviewing the CDC 1030 confidential disclosure form and the November 20, 2007, confidential memorandum submitted by respondent under seal, the undersigned finds that petitioner was not prejudiced as a result of the alleged deprivations and nor has he demonstrated a violation of fundamental fairness. The confidential information relied on by the hearing officer to find petitioner guilty of the rules violation is sound.

Because petitioner has not demonstrated that he suffered prejudice or a violation of fundamental fairness as result of his procedural default of his claims, respondent's motion to dismiss should be granted. Respondent's request for reconsideration is denied as unnecessary.

Accordingly, IT IS HEREBY RECOMMENDED that respondent's October 28, 2009, motion to dismiss (no. 14) be granted on grounds of procedural default.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen

1  days after being served with these findings and recommendations, any party may file written
2  objections with the court and serve a copy on all parties.  Such a document should be captioned
3  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
4  shall be served and filed within fourteen days after service of the objections.  The parties are
5  advised that failure to file objections within the specified time may waive the right to appeal the
6  District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

7  DATED: 03/22/2010

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

11  mart1929.157